Lucas A. Wallace (WSB 7-5423)
ODEGAARD KOVACICH SNIPES, PC
845 Great Northern Blvd
Helena, MT 59601
Tel:  (406) 222-2222
Fax:  (406) 259-3232
lucas@mtlawyers.com

*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| KELLIE MARTIN, as Wrongful Death Representative in the Matter of the Wrongful Death of PATRICK L. MOORE, deceased,<br><br>    Plaintiff,<br><br>v.<br><br>BNSF RAILWAY COMPANY, a for profit corporation; and DOES 1-10, inclusive,<br><br>    Defendants. | Civil Action No. |

**COMPLAINT AND JURY TRIAL DEMAND**

Kellie Martin, Wrongful Death Representative of Patrick L. Moore, deceased, by and through undersigned counsel, alleges as follows:

**PARTIES**

1. Kellie Martin was appointed by the Ninth Judicial District Court, Fremont County, Wyoming to serve as the Wrongful Death Representative to bring an action on behalf of

qualifying wrongful death beneficiaries pursuant to Wyo. Stat. Ann. § 1-38-101(2020) for damages resulting from the death of her father, Patrick Lynne Moore, in a motor vehicle collision June 18, 2021 in Hot Springs County, Wyoming.  That order is attached as *Exhibit A*.

2. At all times relevant herein, the decedent, Patrick Moore, was a citizen and resident of Wyoming.

3. Kellie Martin is a resident of Montana.  As the Wrongful Death Representative, she is deemed to be a citizen of Wyoming for the purpose of jurisdiction.

4. BNSF Railway Company ("BNSF") is a for-profit corporation incorporated in Delaware and headquartered in Fort Worth, Texas.  BNSF is a citizen of the states of Delaware and Texas.

5. The true names and capacities of the Defendants named herein as Does 1-10, inclusive, are unknown to Plaintiff at this time, who therefore brings this action against said Defendants by fictitious names.  Plaintiff will seek leave to amend the complaint to state the true names and capacities of Defendants Does 1-10 when the same have been ascertained, together with further charging allegations, as appropriate.  Plaintiff is informed, believes, and thereon alleges that each of said fictitiously named Defendants may be legally responsible in some manner for the occurrences alleged herein and that Plaintiff's damages as alleged herein may have been actually and proximately caused in part by the unlawful acts or omissions of the fictitiously named Defendants.

## JURISDICTION AND VENUE

6. Venue is proper in Wyoming because the Defendants engaged in conduct that resulted in the accrual of a tort action in Wyoming.

7. The amount of damages in controversy exceeds the sum or value of $75,000.

8. The parties in this action are citizens of different states.

9. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1332.

## FACTS COMMON TO ALL COUNTS

10. On June 18, 2021, at approximately 5:40 p.m., the decedent, Patrick Moore, was traveling northbound on US Highway 20 near milepost 124 in Wind River Canyon, Hot Springs County, Wyoming, in a 1998 Mercury Grand Marquis sedan.  US Highway 20 is a two-lane road with intermittent designated passing zones.

11. At the same time, Douglas Wallage ("Wallage") was in the course and scope of his employment with BNSF and traveling southbound on US Highway 20 in a modified 2011 Ford F-250 Super Duty truck.

12. The 2011 Ford F-250 Super Duty truck operated by Wallage was a "High Rail" owned by BNSF which was specially modified to be capable of driving on railroad tracks.

13. Keith Basse was traveling south on US Highway 20 in a Cadillac Escalade towing a boat and trailer, following a truck semi-trailer combination.  Keith's son, Brennan Basse, was directly behind him in a Chevy pickup.

14. The BNSF High Rail truck operated by Wallage passed and overtook Brennan Basse's Chevy pickup and re-entered the southbound lane behind Keith Basse's vehicle.

15. Wallage then attempted to pass and overtake Keith Basse's boat and vehicle.

16. As the BNSF High Rail truck entered the northbound lane to pass, Patrick Moore's Mercury sedan was traveling from the opposite direction in the northbound lane.  Patrick Moore's vehicle was plainly visible, and Wallage did not have room to safely pass. The High Rail truck collided head on with Patrick Moore's vehicle

17. Patrick Moore died from injuries caused by the collision.

18. Douglas Wallage violated Wyo. Stat. Ann. §§ 31-5-202, 31-5-204, 31-5-229, and 31-5-236.

## COUNT I – VICARIOUS LIABILITY

19. Plaintiff re-alleges the previous allegations as if fully set forth herein.

20. BNSF had a duty to use reasonable care in the operations of its equipment on Wyoming's public roads.

21. Wallage was under a duty to operate the BNSF vehicle in a safe, prudent and responsible manner and keep a lookout for vehicles traveling along the roadway, such as the vehicle driven by Patrick Moore.

22. Wallage breached his duty to operate the BNSF vehicle in a safe, prudent and responsible manner and to keep an eye out of other vehicles when he negligently entered Moore's lane of traffic causing a head-on collision with Moore's vehicle at highway speeds.

23. As a direct and proximate result of Wallage's breach of his duty to operate the BNSF vehicle in a safe, prudent and responsible manner and to keep an eye out for other vehicles traveling along the public roadway, Patrick Moore was fatally injured as set forth above.

24. Wallage's actions as set forth above constitute negligence.

25. Wallage's conduct violated Wyo. Stat. Ann. §§ 31-5-202, 31-5-204, 31-5-229, and 31-5-236.  The decedent belonged to the class of persons that the statutes were intended to protect, and the injury is of the type that the statutes were intended to prevent.  Wallage's violation of Wyoming statutes constitutes negligence *per se*.

26. At all times relevant herein, Wallage was employed by and was an agent, servant and employee of BNSF.

27. Wallage's negligent actions as set forth above were committed within the course and scope of his employment with, and in furtherance of the business of, BNSF.

28. As Wallage's employer, BNSF is vicariously liable and responsible for Wallage's negligent conduct and the resulting death of Patrick Moore, as described herein.

## COUNT II – NEGLIGENT HIRING AND RETENTION

29. Plaintiff re-alleges the previous allegations as if fully set forth herein.

30. BNSF owed a duty to the motoring public, including Patrick Moore, to exercise reasonable care in hiring and retaining employees.

31. BNSF breached its duty when it hired Wallage and retained him in its employment.

32. BNSF's breach of its duty of ordinary care in hiring and retention caused Patrick Moore's death.

## COUNT III – NEGLIGENT TRAINING

33. Plaintiff re-alleges the previous allegations as if fully set forth herein.

34. BNSF owed a duty to the motoring public, including Patrick Moore, to exercise reasonable care in training its employees, including Wallage.

35. BNSF breached its duty of ordinary care when it inadequately and improperly trained Wallage.

36. BNSF's breach of its duty to use ordinary care when training its employee caused Patrick Moore's death.

## COUNT IV – NEGLIGENT ENTRUSTMENT

37. Plaintiff re-alleges the previous allegations as if fully set forth herein.

38. BNSF supplied the modified High Rail truck that Wallage was operating.

39. BNSF knew or had reason to know that Wallage was likely to use the truck a manner creating an unreasonable risk of physical harm to others whom Defendant should expect to be endangered by its use.

40. BNSF knew or should have known that Wallage was not competent to use its equipment on public roads.

41. BNSF's negligent entrustment of its equipment to Wallage caused Patrick Moore's death.

## COUNT V – NEGLIGENT SUPERVISION

42. Plaintiff re-alleges the previous allegations as if fully set forth herein.

43. Defendant had a duty to control its driver to prevent him from conducting himself so as to create an unreasonable risk of bodily harm to other drivers, including Moore.

44. Wallage was using a chattel of Defendant, namely BNSF's modified High Rail pickup truck.

45. BNSF knew or had reason to know that it had the ability to control Wallage.

46. BNSF knew or should have known of the necessity and opportunity for exercising such control over Wallage.

47. BNSF's breach of its duty to control Wallage caused Patrick Moore's death.

## COUNT VI – PUNITIVE DAMAGES

48. Plaintiff re-alleges the previous allegations as if fully set forth herein.

49. Wallage's conduct described above was outrageous and utterly reckless and a reasonable person would know that such outrageous conduct was highly likely to injure or kill someone.

50. Wallage was unfit, and BNSF was reckless in employing or retaining him.

51. BNSF is liable for punitive damages resulting from Wallage's willful and wanton misconduct.

52. BNSF's conduct described above was outrageous and utterly reckless and a reasonable person would know that such outrageous conduct was highly likely to injure or kill someone.

53. The collision that caused Patrick Moore's death was a direct and proximate result of BNSF's willful and wanton misconduct.

54. BNSF is legally responsible to Plaintiff for punitive or exemplary damages in an amount the jury deems proper under the circumstances.

## JURY TRIAL DEMAND

56. Plaintiff demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment in her favor granting the following relief:

1. Reasonable compensation for all damages arising out of BNSF's negligence;

2. The amount each beneficiary has failed or will fail to receive from the decedent's earnings;

3. Reasonable compensation for the loss of Patrick Moore's past and future companionship, society and comfort;

4. Any other monetary loss sustained by the beneficiaries resulting from the death of the decedent, including funeral expenses and other proper charges;

5. Punitive damages sufficient to punish BNSF and prevent future unlawful conduct from Defendant and others;

5. Costs and disbursements incurred herein;

6. Pre- and post-judgment interest as permitted by law; and

7. Such further relief as the Court deems appropriate.

//

//

      DATED this 21st day of February, 2022.

                                      ODEGAARD KOVACICH SNIPES, PC

                                        /s/ Lucas A. Wallace
                                    LUCAS A. WALLACE (WSB 7-5423)
                                    845 Great Northern Blvd.
                                    Helena, MT 59601
                                    406-259-2222
                                    lucas@mtlawyers.com

                                    *Attorney for Plaintiff*